ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| EFRÓN, DAVID<br><br>Parte Peticionaria<br><br>v.<br><br>BRIGHTON DORADO GROUP, INC.; Y OTROS<br><br>Parte Recurrida | KLCE202301426 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>D DP2005-0297<br><br>Sala:501<br><br>Sobre:<br>Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de enero de 2024.

Compareció ante este Tribunal la parte peticionaria, el Lcdo. David Efron (en adelante, el "señor Efron" o el "Peticionario") mediante petición de *certiorari* presentada el 14 de diciembre de 2023. Nos solicitó la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, el "TPI"), el 28 de septiembre de 2023, notificada y archivada en autos al día siguiente. Dicha *Orden* fue objeto de una "**Solicitud de Reconsideración**" interpuesta por el señor Efron, la cual fue declarada "No Ha Lugar" mediante *Orden* de 9 de noviembre de 2023.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari*.

**I.**

El caso de autos se originó en el año 2005, con la presentación de una "**Demanda**" por parte del Peticionario en contra de Brighton Dorado Group, Inc., Brighton Country Club at Dorado, Inc., Brighton Homes Caribbean, Inc. (en adelante, "Brighton" o el "Recurrido") y Plaza Dorada Shopping Center sobre daños y perjuicios, sentencia declaratoria e *injunction.* Después de un extenso trámite procesal, el cual decidimos no

Número Identificador
RES2024_____

detallar debido a su falta de relevancia a la controversia que nos ocupa, el 17 de octubre de 2016, el TPI emitió una *Sentencia Sumaria Parcial*, mediante la que desestimó la "**Demanda**" respecto a Brighton. Varios días después, el 25 de octubre de 2016, el Recurrido presentó un "**Memorando de Costas y Gastos**" por un total de $89,654.82, el cual fue aprobado por el TPI. Más adelante, el 5 de junio de 2021, el TPI emitió *Orden de Ejecución de Resolución Otorgando Costas y Gastos.* A través de dicha dictamen, se decretó el embargo de:

> a) Todo bien inmueble que sea propiedad del demandante;
>
> b) Todo bien mueble que sea propiedad del demandante;
> Todas las acciones corporativas, bonos, cuentas por cobrar, certificados de ahorro, pagarés, dinero en efectivo o valores que pertenezcan al demandante;
>
> c) Cualesquiera fondos del demandante que obren en cualquier cuenta de banco o institución financiera análoga, para que se depositen en la(s) cuenta(s) que disponga este Honorable Tribunal
>
> d) Los fondos que se encuentren en poder de terceras personas de nombres desconocidos por ser los mismos líquidos y exigibles y estar vencidos a favor del demandante, instruyéndose al Alguacil del Tribunal que efectúe el embargo de dichos fondos incautándose de los mismos y depositándolos en la(s) cuenta(s) que sean abiertas para ello e instruya a dichas personas, a quienes se les sirva copia de la Orden a ser dictada, que aquellas cantidades que se venzan en el futuro y que al presente no están vencidas ni son líquidas y exigibles sean depositadas en la Secretaría de este Tribunal al momento de vencerse y convertirse en líquidas y exigibles. Se solicita que se le advierta a dichas terceras personas que, de no cumplir con la Orden aquí solicitada, podrán incurrir en desacato.

**Luego de haberse agotado todo el trámite apelativo sobre la ejecución de la sentencia, y siendo final y firme dicha determinación**, el 7 de diciembre de 2022, el TPI emitió una *Orden* en la que permitió que se llevara a cabo un descubrimiento de prueba respecto a los bienes del señor Efron. Así pues, le fueron cursados una serie de interrogatorios y requerimientos de admisiones a dicha parte. El 7 de junio de 2023, Brighton presentó "**Moción Reiterando Solicitud de que se le Ordene al Demandante a Consignar las Costas Adeudadas o, en la Alternativa, que se le Ordene al Patrono del Demandante a Hacer Pagos a Pro Rata**". Alegó que el Peticionario: (1) admitió poseer una propiedad, automóviles y muebles en el estado de la Florida, (2) devenga un salario mensual de

$5,000.00, (3) recibe dinero para gastos de representación, (4) y no ha demostrado carecer de la capacidad para satisfacer la suma adeudada.

Consecuentemente, solicitó que se le ordenara al señor Efron la consignación de la cantidad de $104,594.36 o, en su defecto, que el Bufete Law Offices David Efron prorratee el 25% del salario que se encuentra embargado para que una porción razonable se utilice para satisfacer la cantidad adeudada. En su "**Oposición**" radicada el 15 de junio de 2023, el señor Efron argumentó que, según la *Resolución* emitida por el foro primario el 22 de diciembre de 2016, en el caso núm. KDI1999-1421, Madeline Candelario del Moral v. David Efron, un 25% de su salario fue embargado, y el 75% restante era necesario para su sustento. **Nada se expresó sobre la inexistencia de otros bienes o activos sujetos a la ejecución de las costas y se limitó a alegar que el "restante de su salario" era el necesario para su sustento y el de su familia**.

El 3 de agosto de 2023, Brighton radicó su "**Réplica en Cumplimiento de Orden**"*.* Manifestó que el Peticionario sólo abordó el asunto de su salario y no discutió sus demás fuentes de ingreso. También señaló que existe una opinión judicial publicada por el Tribunal del Distrito de los Estados Unidos para el Distrito de Puerto Rico, Candelario de Moral v. UBS Financial Services, 691 F. Supp.2d 291, 294 (DPR 2010), de la cual se desprendía que la Sociedad Legal de Bienes Gananciales que el señor Efron tenía con su excónyuge estaba valorada en 70 millones de dólares. Oportunamente, el 21 de agosto de 2023, el Peticionario presentó su "**Dúplica**" e indicó que Brighton no había identificado los alegados activos ni solicitado el embargo de los bienes, según la Regla 51 de Procedimiento Civil, 32 LPRA Ap. V, R. 51. También reiteró que su salario ya se encontraba embargado y que no contaba con la liquidez para satisfacer dichas costas.

Finalmente, el 28 de septiembre de 2023, el TPI emitió una *Orden* en la cual esbozó que no existía razón alguna para que el señor Efron continuara incumpliendo con su obligación de pagar las costas, ya que poseía diversos bienes y fuentes de ingresos adicionales a su salario. A su vez, ordenó al Peticionario a consignar la suma principal de $89,654.82 y

los intereses que, al 6 de mayo de 2021, ascendían a $10,217.20 y que continuaban acumulándose a razón de $6.23 por día. Además, señaló que el incumplimiento con esta *Orden* conllevaría la imposición de una sanción diaria de $100.00 por cada día de incumplimiento.

Inconforme con lo anteriormente resuelto, el señor Efrón presentó una "**Solicitud de Reconsideración**" que posteriormente fue declarada "No Ha Lugar" por el foro *a quo* mediante *Orden* notificada el 14 de noviembre de 2023. Aún insatisfecho, el Peticionario acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló los siguientes errores:

> *i. Erró el TPI al determinar que la Parte Recurrente cuenta con la capacidad económica para satisfacer las costas adeudadas e imponer sanciones si se incumple con su orden de pagar, sin hacer una determinación de hechos basados en evidencia admisible.*
>
> *ii. Erró el TPI al imponer a la Parte Recurrente una sanción diaria de $100 dólares, por no satisfacer la suma adeudada por concepto de costas a Brighton en un término final y perentorio de 30 días, cuando de existir dicha capacidad la Parte Recurrente viene obligada a cumplir con los montos adeudados en el caso KD11999-1421, Madeline Candelario del Moral v. David Efrón.*

El 8 de enero de 2024, el Recurrido presentó "**Oposición a la Expedición de Recurso de *Certiorari***".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A.

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 703. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, este Tribunal de Apelaciones solo expedirá dicho recurso en dos situaciones particulares, siendo estas: (1) cuando se recurra de una

resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

Sin embargo, como excepción a lo mencionado anteriormente, este foro apelativo intermedio podrá revisar órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurra de lo siguiente: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Íd.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Banco Popular de Puerto Rico v. Gómez Alayon, 213 DPR ___ (2023); 2023 TSPR 145. Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la referida Regla establece los siguientes criterios a evaluar:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990).

Las decisiones de los tribunales de instancia merecen gran flexibilidad y deferencia, debido a que es el foro que conoce las particularidades del caso. Citibank et al. v. ACBI *et al.*, 200 DPR 724, 735 (2018). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. Banco Popular de Puerto Rico v. Gómez Alayon, *supra,* pág. 13. Por tanto, los foros apelativos no deben pretender administrar ni manejar el curso ordinario de los casos ante el Tribunal de Primera Instancia. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 434 (2013). No obstante, la discreción ha de ceder cuando se configura: (1) un claro abuso de discreción, (2) el tribunal actuó con prejuicio o parcialidad o (3) el tribunal se equivocó en la interpretación o aplicación de una norma procesal o de derecho sustantivo. Banco Popular de Puerto Rico v. Gómez Alayon, *supra,* pág. 13.

Ahora bien, determinar cuándo un tribunal abusa de su discreción no es una tarea sencilla. Existen ciertas guías para poder determinar cuándo un tribunal ha abusado de su discreción. Pueblo v. Rivera Santiago*,* 176 DPR 559, 580 (2009). Así pues, un tribunal incurrirá en un abuso de discreción cuando el juez: (1) no toma en cuenta e ignora, sin fundamento

alguno, un hecho material importante que no podía ser pasado por alto, (2) sin justificación, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en este o (3) toma en cuenta todos los hechos materiales e importantes, pero los sopesa y calibra livianamente. Íd.

**B**.

Las costas se refieren a los gastos necesariamente incurridos en la tramitación de un pleito o procedimiento que un litigante debe reembolsar a otro por mandato de ley o por determinación discrecional del juez. García Rubiera v. Asociación, 165 DPR 311, 322 (2005). La Regla 44.1 de Procedimiento Civil regula lo concerniente a la concesión de costas. Esta dispone lo siguiente:

> (a) *Su concesión.* Las costas se concederán a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder un tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte debe reembolsar a la otra. 32 LPRA Ap. V, R. 44.1.

La aludida Regla tiene dos propósitos: (1) reponer lo que una parte perdió por ser obligada a litigar y sancionar la litigación inmeritoria, temeraria o viciosa. Rosario Domínguez *et als.* v. ELA *et al.*, 198 DPR 197, 211 (2017). Una vez solicitadas, la imposición de costas a favor de la parte victoriosa es mandatoria. Maderas Tratadas, v. Sun Alliance *et al.*, 185 DPR 880, 934 (2012). Sin embargo, su otorgamiento no ocurre automáticamente, ya que es necesario la presentación de un memorando de costas en el que se detallen los gastos incurridos. Rosario Domínguez *et als.* v. ELA *et al.*, *supra,* pág. 212. El foro de instancia posee amplia discreción para evaluar la razonabilidad y determinar la necesidad de los gastos detallados. Maderas Tratadas, v. Sun Alliance *et al.*, *supra*, pág. 935.

Asimismo, la Regla 44.1 de Procedimiento Civil, *supra,* en su inciso (c), especifica la forma en que se concederán las costas. Ésta indica lo siguiente:

> (b) Cómo se concederán. La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria,

dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se incurrió durante la tramitación del pleito o procedimiento. El memorándum de costas se presentará bajo juramento de parte o mediante una certificación del abogado o de la abogada, y consignará que, según el entender de la parte reclamante o de su abogado o abogada, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento. Si no hubiese impugnación, el tribunal aprobará el memorándum de costas y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlas. 32 LPRA Ap. V, R. 44.1.

En lo que respecta a la concesión de costas, no todos los gastos derivados del litigio son reembolsables. Maderas Tratadas, v. Sun Alliance et al., *supra,* pág. 935. La Regla 44.1 de Procedimiento Civil, *supra,* no abarca la totalidad de los gastos generados en el proceso, ya que no son equivalentes a los gastos de todo el litigio y tienen una interpretación restrictiva, justificada tradicionalmente en el interés de asegurar un acceso más económico para los litigantes. Íd. Es decir, "[n]o se aprobarán gastos innecesarios, superfluos o extravagantes". Garriga, Jr. v. Tribunal Superior, 88 DPR 245, 257 (1963). Por lo tanto, como norma general, los gastos habituales de las oficinas de los abogados de los reclamantes, como sellos de correo, materiales de oficina y transcripciones de vistas solicitadas por conveniencia, pero no necesarias para los demandantes, no son recuperables como costas. Andino Nieves v. AAA, 123 DPR 712, 716 (1989).

**III.**

En el presente caso, el Peticionario nos solicita que revoquemos la determinación del Tribunal de Primera Instancia en la que ordena la consignación de la suma adeudada por concepto de costas de la *Sentencia Sumaria Parcial* dictada 17 de octubre de 2016. El señor Efron plantea que el foro primario erró al determinar que cuenta con la capacidad económica para satisfacer las costas adeudadas y al imponer una sanción diaria de $100.00 en un término final y perentorio de 30 días.

Conforme hemos adelantado, la determinación que autorizó la ejecución de las costas del litigio, conforme autorizadas por el TPI fue objeto

de un trámite procesal que advino final y firme.  Luego de analizar el recurso ante nos y a la luz del derecho antes citado, determinamos que no están presentes los requisitos establecidos por la Regla 40 de nuestro Reglamento, *supra*, por lo que no se justifica nuestra intervención.

De conformidad con lo resuelto por el Tribunal de Primera Instancia en su *Orden* de 28 de septiembre de 2023, el expediente del caso demuestra que el señor Efron, además de recibir un salario de $5,000.00 mensual, posee una propiedad, automóviles y muebles en el estado de Florida. De igual manera, recibe dinero para gastos de representación. Aparte de ello, el Peticionario no proporcionó hechos ni evidencia que respaldara la afirmación de no poseer bienes suficientes para cubrir la cantidad adeudada. En otras palabras, no colocó al foro de instancia en posición de determinar con certeza si realmente carece de los medios económicos o de activos para satisfacer las costas del litigio.

Tras examinar la prueba documental que consta en el expediente apelativo, no encontramos base que respalde la expedición del presente recurso. Evaluados los hechos particulares de este caso, resolvemos que el TPI no abusó de su discreción; más aún cuando estamos ante un caso en el que se dictó la *Sentencia Sumaria Parcial* hace más de 6 años. En vista de lo anterior, somos de la opinión de que el caso en cuestión no satisface ninguno de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* que exigiría la expedición del auto de *certiorari* para reemplazar el criterio del TPI por el nuestro. Como resultado, denegamos la expedición del auto de *certiorari.*

**IV.**

Por los fundamentos antes esbozados, los cuales hacemos formar parte de esta *Resolución, denegamos* la expedición del recurso de *certiorari* solicitado por el Peticionario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones