JOSÉ E. ANDINO NIEVES ET AL., demandantes y recurridos, *v.* AUTORIDAD DE ACUEDUCTOS y ALCANTARILLADOS DE PUERTO RICO ET AL., demandados y peticionarios.

*Número:* CE-88-572      *Resuelto:* 24 de mayo de 1989

---

*Guillermo Silva Janer*, del *Bufete Guillermo Silva Janer*, abogado de los peticionarios; *Antonio González Géigel*, abogado de los recurridos.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

Este caso versa sobre una reclamación por mil quinientos veintinueve (1,529) demandantes por los daños sufridos como consecuencia de un alegado escape masivo de gas cloro. Es la tercera vez que vienen ante nuestra consideración incidentes relacionados con el mismo. El 30 de marzo de 1988 emitimos una sentencia que revocó la orden del tribunal de instancia de 22 de septiembre de 1987, mediante la cual había desestimado con perjuicio las reclamaciones de los demandantes. El 22 de julio de 1988 nos negamos a revisar una Sentencia Parcial, Resolución y Orden de 3 de junio de 1988, mediante la cual, entre otras cosas, el tribunal concedió término a los demandantes para someter un memorándum de costas y gastos interlocutorio.(1) Expresó, además, que la parte demandada venía obligada a satisfacer las costas "dentro de los diez (10) días siguientes a su aprobación, y de no hacerlo así se impon[drían], automáticamente y sin ulterior orden, una sanción económica de cien dólares ($100.00) diarios hasta que se haga el pago total, incluyendo la sanción". *Exhibit* II, pág. 2.

I

En el presente recurso comparece la codemandada Autoridad de Acueductos y Alcantarillados (en adelante A.A.A.) a

---

(1) En este caso, el 14 de octubre de 1981 el tribunal dictó sentencia sumaria parcial interlocutoria mediante la cual determinó que la demandada Autoridad de Acueductos y Alcantarillados había sido negligente y venía "obligada a satisfacer a los demandantes todos los daños sufridos por ellos como consecuencia del escape y disipación de materia química en el área circundante de la planta de filtración Sergio Cuevas Bustamante [en Trujillo Alto, ocurrido el 19 de mayo de 1981] según estos daños fueran determinados en el pleito". *Exhibit* I, pág. 002.

cuestionar la validez de ciertas partidas aprobadas como costas por el tribunal de instancia y la sanción de cien dólares ($100) por cada día de atraso en el pago de las costas aprobadas.

El tribunal aprobó el memorándum de costas sometido por la suma total de veintisiete mil quinientos cincuenta y ocho dólares con doce centavos ($27,558.12). De estas costas la peticionaria cuestiona las partidas siguientes:

| | | |
|---|---|---|
| 1. | Consultor en Informática (*Data Processing*) | $3,000.00 |
| 2. | Paralegales para entrevistar demandantes | $8,363.70 |
| 3. | Paralegales para fotocopiar contestaciones | $253.17 |
| 4. | Paralegal para atender a clientes | $10,118.12 |
| 5. | Teléfono 755–8848 — Local Covadonga | $423.32 |
| 6. | Renta de Local Covadonga | $2,750.00 |
| 7. | Gastado en Caja-Chica (mensajero, sellos de correo, limpieza, instalación de muebles) | $387.40 |
| 8. | Servicio de fotocopias | $87.25 |
| 10. | Reemplazo de pieza de computadora al Sr. Roger L. Moreno | $284.94 |
| 12. | Papel de copia para contestación a interrogatorio | $809.17 |
| 13. | Compra de sillas y de mesas para el local en Covadonga—neto | $299.00 |
| 14. | Compra de texto *The Chlorine Manual* | $28.25 |
| 15. | Servicio de mensajero | $125.00 |
| 17. | *Petty Cash* | $50.00 |
| 18. | *Petty Cash* | $165.00 |
| 19. | Rótulo en la oficina de Covadonga—Francisco Benítez | $40.00 |
| | Total de las partidas impugnadas | $27,184.32 |

La peticionaria A.A.A. alega que las partidas impugnadas "[n]o son gastos necesarios y razonables que puedan ser recobrados como costas sino que constituyen conforme a su naturaleza la realidad de lograr manejar, complacer y descargar su obligación para con los casi 1,500 representados". (Énfasis suprimido.)(2)

La Regla 44.1(a) de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III) establece que las costas se concederán a la parte a cuyo favor se resolvió el pleito. También dispone qué costas son "los gastos [razonables] incurridos necesariamente en la tramitación de un pleito . . .". En el caso normativo de *Garriga, Jr. v. Tribunal Superior*, 88 D.P.R. 245, 252 (1963), expresamos que costas "no son todos los gastos que ocasiona la litigación", y que "[e]n Puerto Rico los honorarios de abogado no forman parte de las costas". *Garriga, Jr. v. Tribunal Superior*, supra, pág. 248. Véase J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1986, Cap. VII, págs. 235-248. También hemos resuelto que "[n]o son incluibles como costas los gastos ordinarios de las oficinas de los abogados de los reclamantes tales como sellos de correo, materiales de oficina y . . . transcripciones de récords de vistas cuando tales transcripciones se solicitan por ser *convenientes pero no necesarias para los reclamantes*". (Énfasis suplido.) *Pereira v. I.B.E.C.*, 95 D.P.R. 28, 78 (1967). En relación con los gastos de un perito, hemos indicado que el derecho a recobrar éstos depende de si se trata de un perito del tribunal o de la parte. Con respecto a este último, la regla general es que son recobrables, a discreción del tribunal, "[s]ólo por vía de excepción, y cuando las expensas que origine el perito estén plenamente justificadas . . .". *Toppel v. Toppel*, 114 D.P.R. 16, 22

---

(2) Solicitud de *certiorari*, pág. 8.

(1983). Tomando en consideración estas normas generales, analicemos las partidas impugnadas.

1. *Consultor de Informática ("Data Processing")* — *($3,000)*

En el desglose de costas y gastos que los demandantes acompañaron con su *Memorando de Costas y Gastos*, se expresa lo siguiente en cuanto al consultor de informática (*data processing*), Roger L. Moreno Jovet:

> Preparó el programa de computadoras sobre los daños de cada demandante; este sistema permite el agrupar a los demandantes con daños similares y puede separar y suministrar en forma detallada la información que se le suministró bajo juramento en las mil quinientas contestaciones a los interrogatorios que notificó la Autoridad de Acueductos y Alcantarillados de Puerto Rico a los demandantes. *Exhibit* IV, pág. 016.

Alega la peticionaria que dicha partida no era ni razonable ni necesaria a tenor con los criterios establecidos en *Garriga, Jr. v. Tribunal Superior*, supra, y que en realidad las funciones del señor Moreno Jovet constituían una duplicación innecesaria, ya que existía una "orden consentida por la parte demandante donde se nombró como perito en computadoras y trabajos análogos al Ing. Walter Cervoni".[3] Los demandantes recurridos, a su vez, arguyen que se vieron obligados a contratar su propio consultor, ya que "aún para 1985, o sea dos años más tarde, el perito de esas partes no había producido nada todavía que ayudara a ordenar la data y a clasificar los demandantes . . .".[4]

El tribunal de instancia, con conocimiento de los hechos en este caso —complejo por la multiplicidad de partes— estimó que la contratación del consultor en *data processing* era necesaria y que la cuantía pagada era razona-

---

[3] Solicitud de *certiorari*, pág. 5.

[4] Alegato de los recurridos, pág. 8.

ble. *Toppel v. Toppel*, supra. La peticionaria A.A.A. no ha demostrado que el tribunal de instancia cometiera un abuso de discreción. Este error no se cometió.

2. *Paralegales para entrevistar demandantes ($8,363.70); paralegales para atender clientes ($10,118.12)*

Por ser estas partidas de la misma naturaleza, las discutiremos conjuntamente. La utilización de paralegales para entrevistar y atender a los demandantes es, como correctamente lo califica la peticionaria, una extensión de la función del abogado no recobrable como costas. *Garriga, Jr. v. Tribunal Superior*, supra; *Sucn. Arroyo v. Municipio*, 81 D.P.R. 434, 437–439 (1959). Estas labores cualificarían más bien como honorarios de abogado. No procede, pues, el cobro de estas partidas.

3. *Teléfono 755–8848 — Local Covadonga ($423.32); renta de Local Covadonga ($2,750.00); Gastado en Caja-Chica (mensajero, sellos de correo, limpieza, instalación de muebles) ($387.40); reemplazo de pieza de computadora al Sr. Roger L. Moreno ($284.94); compra de sillas y de mesas para el local en Covadonga—neto ($299.00); compra de texto The Chlorine Manual ($28.25); servicio de mensajero ($125.00); Petty Cash ($215.00); rótulo en la Oficina de Covadonga—Francisco Benítez; servicio de fotocopias ($87.25); papel de copia para contestación a interrogatorio ($809.17)*

Todos estos gastos participan de la naturaleza de gastos de oficina generales, necesarios para el ejercicio de la profesión de abogado, no recobrables como costas. *Pereira v. I.B.E.C.*, supra. El uso de un mensajero y del teléfono, sin especificar su necesidad en términos de una gestión particular necesaria relacionada con el caso, tampoco cualifica como costas.

El hecho de que los abogados instalaran una oficina fácilmente accesible a los demandados indudablemente los ayudó

en su labor, pero no por eso dichos gastos cualifican como costas aun cuando se está, como en este caso, ante una litigación compleja. *Pereira v. I.B.E.C.*, supra.

Las partidas antes discutidas no son recobrables como costas.

## II

Plantea también la peticionaria que erró el tribunal de instancia al apercibirla de sanciones en la suma de cien dólares ($100) diarios por concepto de penalidad por cada día de atraso en el pago de las costas aprobadas. Sus argumentos no nos persuaden de que el tribunal haya abusado de su discreción. Sin embargo, debido a que mediante esta opinión hemos revocado en parte la orden del tribunal de instancia que concede costas, dicha penalidad comenzará a contar una vez se devuelva el mandato al tribunal de instancia.

Por todo lo antes expuesto, *se dictará sentencia modificando la Resolución y Orden del Tribunal Superior, Sala de Carolina, de 12 de agosto de 1988, para que se concedan únicamente las siguientes partidas como costas, consultor de "data processing" ($3,000), arancel por fotocopias de récord médicos ($51.80), edictos periódicos ($277) y emplazamientos ($45), y devolviendo el caso a instancia para que continúen los procedimientos de forma consistente con esta opinión.*

El Juez Asociado Señor Hernández Denton se inhibió.