# 96 DTA 118

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VII - CAROLINA Y FAJARDO**

LUISA M. VALEDON
Demandante-Apelada

v.

ASOCIACION DE CONDOMINES DEL CONDOMINIO LOS PINOS
Querellada-Apelante

Núm. KLAN-96-00676

San Juan, Puerto Rico, a 19 de septiembre de 1996

Panel integrado por su presidente, Juez Arbona Lago
y los Jueces Negroni Cintrón y Salas Soler

Salas Soler, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La Asociación de Condómines del Condominio Los Pinos (la Asociación) apela de una sentencia dictada el 8 de mayo de 1996, que declara Con Lugar una demanda en daños y perjuicios, condenando a la parte apelante a compensar a la parte demandante-apelada la suma de $2,000.00, más $300.00 por concepto de honorarios de abogado.

### I

El 25 de febrero de 1994 la representación legal del Condominio Los Pinos (el Condominio), Licenciado Eduardo Betancourt, (Lic. Betancourt), solicitó por carta el pago de $820.34 como contribución al pago de la prima de seguro del condominio a la apelada, Luisa Valedón (Valedón). Valedón se comunicó entonces con el Lic. Betancourt, solicitándole se le permitiera hacer un plan de pagos para pagar la cantidad adeudada. A estos efectos, Valedón remitió una carta el 2 de marzo de 1994 dirigida al Lic. Betancourt y a la Junta Directiva del Condominio en la que expresaba que había llegado a un acuerdo para hacer el pago en dos abonos y que el segundo pago se haría en el mes de abril. ■ Junto a dicha carta incluyó cheque por $420.34.

Dicho cheque fue cobrado por la Asociación. El 25 de marzo de 1994, el Administrador de la Asociación le informó mediante carta a Valedón que de no recibirse un pago por $420.84 antes del 30 de marzo se le privarían de los servicios de agua y luz. ■ En dicha carta se hace referencia a una correspondencia anterior, sin embargo la misma no fue presentada en evidencia.

El 25 de marzo la apelada salió de viaje; a su regreso diez (10) días después, encontró suspendidos los servicios de luz y agua. Los alimentos del refrigerador, en su mayoría alimentos gourmet utilizados en su negocio de preparación de comidas, estaban dañados, emitiendo un fuerte olor a podrido que persistió por varios días en el apartamiento.

A consecuencia de los hechos antes narrados la apelada instó acción en daños y perjuicios, la cual fue declarada Con Lugar por el Tribunal de Instancia al estimar que se había establecido un plan de pago el cual fue ratificado por la Asociación al aceptar el primer cheque y no hacer ninguna gestión indicativa de que no se aceptaba el plan de pagos, por lo que concluyó que la suspensión de los servicios de agua y luz se hizo de manera negligente.

El apelante señala comisión de error al estimar que la actuación de la Asociación fue negligente y al concluir que el Condominio fue temerario al defenderse del litigio. Alega básicamente que el Lic. Betancourt no hizo ningún acuerdo para hacer un plan de pagos con Valedón y que su actuación al suspender los servicios de agua y luz se hizo conforme a lo que la propia ley dispone. Discuten además que no se trata de un acuerdo válido, pues faltaba el consentimiento de una de las partes. Por último indican que la apelada asumió los riesgos de sus actos al no efectuar el pago según se le había advertido. La parte apelada presentó su alegato en oposición en el que indican que la prueba creída por el Tribunal de Instancia demostró que se había llegado a un acuerdo y que el mismo había sido ratificado al no objetar su carta y haber cambiado el cheque pagando el primer plazo. Estudiada la posición de ambas partes, confirmamos.

### II

La valoración de la prueba corresponde al foro primario, toda vez que el juez de instancia es el más indicado para otorgar credibilidad y dirimir conflictos de prueba, pues goza de la oportunidad de ver y escuchar directamente a los testigos. El foro apelativo no *intervendrá* con la apreciación de la prueba en ausencia de pasión, prejuicio, parcialidad o error manifiesto, o a menos que un análisis integral de la prueba así lo requiera. *Andino v. A.E.E.,* 123 D.P.R. 712 (1989), *Pueblo v. Cabán Torres,* 117 D.P.R. 665 (1986); *Ortiz v. Cruz Pabón,* 103 D.P.R. 939 (1975).

En el caso de epígrafe el Tribunal de Instancia encontró probado la existencia de un plan de pagos. De acuerdo a los documentos en autos, estimamos que ambas partes llegaron a un acuerdo para efectúar los pagos atrasados, y que el posterior corte del servicio de energía eléctrica y de agua se hizo de manera negligente en contravención a los acuerdos efectuados.

La oferta es una proposición unilateral que una parte dirige a la otra para celebrar un contrato con

la sola aceptación de la otra parte. *González v. Alicea, Dir. Soc. Asist. Legal,* 133 D.P.R. (1993), **93 J.T.S. 16.** Estimamos que en el caso ante nuestra consideración dicha oferta fue aceptada por la Junta de Condómines a través de sus actuaciones. El Tribunal Supremo ha reconocido una modalidad a las declaraciones unilaterales de voluntad, llamada la doctrina de actos propios la cual será de aplicación cuando concurran los siguientes requisitos: (1) una conducta determinada de un sujeto; (2) que esa conducta ha engendrado una situación contraria a la realidad y mediante tal apariencia influyó en la conducta de los demás; y, (3) que terceras personas confiando en dicha apariencia hayan procedido en tal forma que le causaría perjuicios si su confianza quedara defraudada. *Meléndez Piñero v. Levitt & Sons of P.R.,* 130 D.P.R. ___ (1991), **91 J.T.S.95;** *Velilla v. Pueblo,* 111 D.P.R. 585 (1981); *General Electric v. Concrete,* 104 D.P.R. 871 (1976).

De acuerdo al expediente ante nos, la señora Valedón hizo una oferta de pago la cual fue ratificada a través de los actos de la Junta de Condómines aceptando y haciendo efectivo el cheque del primer abono. De igual manera no fue hasta el 25 de marzo, 23 días después de hacerse el pago, que se requirió el pago del dinero restante, todo esto sin hacerse ninguna mención sobre la oferta.

Por los fundamentos anteriormente expuestos confirmamos la sentencia apelada.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 96 DTA 118

**1.** La carta en cuestión indicaba lo siguiente:

*"28 de febrero de 1994*

*Lcdo. Eduardo A. Betancourt*
*Bufete Betancourt, Santurce, P.R.*

*Estimado Lcdo. Betancourt:*

*Me refiero a su carta fechada 25/2/94 con respecto al pago de la prima del seguro del Condominio los Pinos. Según lo acordado con usted en el día de hoy, yo procederé a pagar este seguro en dos (2) plazos. El primer pago será de $420.34 mediante cheque Núm. 562 del American Savings Bank, con fecha 3/1/94, mientras que el segundo pago lo haré por el monto restante de $400.00 durante el mes de Abril de 1994. Sin otro particular a que hacer referencia,*

*Quedo, atentamente,*

*Luisa Valedón*
*Titular Apto. 4L Oeste*

*cc: Junta Directiva Condominio Los Pinos"*

**2.**

*"25 de marzo de 1994*

*Sr.(a) LUISA VALEDON*
*Condominio Los Pinos*
*Apartamento **4-L OESTE,***
*Isla Verde, Puerto Rico 00979*

*"Estimado Sr. (a) **VALEDON** :*

*Hacemos referencia a nuestra carta del 2 de marzo de 1994, en la que le indicamos que el Seguro del Condominio no ha recibido el pago de la prima que corresponde a su apartamento. Se le concedieron 15 días para pagar o de lo contrario se le privaría de los servicios de agua y/o luz.*

*Al día de hoy, no hemos recibido el pago correspondiente $420.84. El próximo jueves 31 de marzo se cancelará la prima, por lo que debe emitir su pago antes del 30 de marzo o se le privarán los servicios de agua y/o luz.*

*Agradeceremos su pronta acción al respecto.*

*Atentamente,*

*JULIO M. SANTIAGO*
*Administrador*

*JMS/mf cc. Lcdo. Betancourt"*