Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ERNESTO J. ROMÁN CORDERO, ET. ALS.<br><br>Recurridos<br><br>v.<br><br>HOSPITAL METROPOLITANO DR. TITO MATTEI, ET. ALS.<br><br>Peticionarios | KLCE202301433 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Casos Núm.:<br>J DP2015-0448<br><br>Sobre:<br>Daños y Perjuicios |
| ERNESTO J. ROMÁN CORDERO, LISSETTE GARCÍA CAMACHO, LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS COMPUESTA, ERNESTO J. ROMÁN GARCÍA Y KATHERIN ROMÁN GARCÍA<br><br>Recurridos<br><br>v.<br><br>HOSPITAL METROPOLITANO DR. TITO MATTEI, ASEGURADORA "ABC", DR. YUSSEF GALIB, SU ESPOSA FULANA DE TAL, POR SÍ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ELLOS, ASEGURADORA "DEF", METRO PAVÍA HEALTH SYSTEM, INC., ASEGURADORA "GHI", DR. EVEN CEDEÑO, SU ESPOSA SUTANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA, ASEGURADORA "JKL", RICHARD ROE, JANE DOE Y LAS ASEGURADORAS "MNÑ" Y "OPQ"<br><br>Peticionarios | CONS.<br><br><br><br><br><br>KLCE202301438 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Casos Núm.:<br>J DP2015-0448<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de enero de 2024.

-I-

Comparecen el doctor Even Cedeño (doctor Cedeño) en el recurso KLCE202301433 y el doctor Yussef Galib Frangie Fiol (doctor Galib) en el recurso KLCE202301438. En sus respectivos recursos solicitaron que revocáramos una *Resolución* emitida el 7 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI).[1] Mediante esta, el TPI declaró Sin Lugar la solicitud del pago de costas y gastos que presentaron las partes demandadas prevalecientes en la *Demanda* incoada por Ernesto J. Román Cordero, Lizette García Camacho, la Sociedad Legal de Gananciales compuesta por ellos, Ernesto J. Román García y Katherin Román García (la familia Román García o los recurridos).

Debido a la correlación de las partes y la controversia en los dos (2) recursos de *certiorari*, determinamos consolidarlos. Así consolidados los recursos y, por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* y *revocamos* la determinación recurrida.

-II-

La controversia ante nuestra tiene su origen en una demanda presentada el 14 de octubre de 2015 por la familia Román García en contra del Hospital Metropolitano Dr. Tito Mattei, Aseguradora "ABC", el doctor Galib, su esposa Fulana de Tal y la Sociedad Legal de Gananciales compuesta por ambos, Aseguradora "DEF", Metro Pavía Health System, Inc. (Metro Pavía), Aseguradora "GHI", el doctor Cedeño, su esposa Sutana de Tal y la Sociedad Legal de Gananciales compuesta por ambos, Aseguradora "JKL", Richard Doe, Jane Doe, y las Aseguradoras "MNÑ" y "OPQ" por muerte negligente por impericia médico-hospitalaria.[2] En dicha reclamación, adujeron que el 16 de

---

[1] Apéndice de *Certiorari*, Anejo I, págs. 1-2. Archivada y notificada en autos el 17 de noviembre de 2023.
[2] *Íd.,* Anejo II, págs. 3-15.

octubre de 2014 Gabriel Román García (Gabriel), de veintitrés (23) años de edad y quien padecía de distrofia muscular oculofaríngea, fue llevado a la sala de emergencias del Hospital Tito Mattei de Yauco siendo admitido a hospitalización el 16 de octubre de 2014 con un cuadro respiratorio. Arguyeron que Gabriel fue diagnosticado con *Health Care Associated Pneumonia*, pero no se consideró la posibilidad de que se infectara con bacterias multirresistentes, adquiridas en hospitales. Por ello, sostuvieron que a Gabriel se le administró antibióticos que no constituyeron una cubierta óptima para cepas de bacterias multirresistentes como las que surgieron en los cuadros de *Health Care Associated Pneumonia*. Afirmaron que el Hospital ni el doctor Galib no le suministraron inmediatamente al paciente Gabriel tres (3) tipos de antibióticos: penicilina pseudomonas, aminoglucósido o quinolona y Zyvox o vancomicina, sino al cuarto (4) día de admisión. Aseguraron que el retraso en la administración del tratamiento de antibióticos agresivos provocó el progreso de la pulmonía de Gabriel, sepsis, *shock* séptico y fallo respiratorio. Esgrimieron que, a pesar de que se diagnosticó correctamente a Gabriel, el tratamiento administrado no fue propio para tratar las bacterias asociadas con el *Health Care Associated Pneumonia*. Razonaron que el doctor Galib se apartó del estándar de conducta médica aceptado en el ejercicio de su profesión al omitir monitorear correctamente al paciente. Igualmente, el doctor Cedeño al no administrar prontamente el tratamiento. Expusieron que el Hospital tuvo un pobre y negligente manejo de los resultados de las pruebas de laboratorio realizadas a Gabriel y que responde por razón de la relación contractual y/o de patrono-empleado y/o vicaria existente entre ambos al Gabriel ser ingresado en la institución sin ser paciente previo del doctor Galib. Manifestaron que el Hospital responde por la negligencia de su personal de enfermería, laboratorio y de sus médicos internos. Plantearon que Metro Pavía es la única y

absoluta dueña del Hospital y que, en la alternativa, es la administradora y supervisora del desempeño del Hospital, por lo que es responsable vicariamente por las acciones u omisiones culposas y/o negligentes del Hospital y de los médicos que laboran en el mismo. Por ello, reclamaron el pago solidario de cuatrocientos cuarenta mil dólares ($440,000.00), referentes a una suma de cien mil dólares ($100,000.00) para el resarcimiento de los sufrimientos y las angustias mentales que experimentó Gabriel durante los quince (15) días previo a su fallecimiento, dos (2) pagos de noventa mil dólares ($90,000.00) por los respectivos daños sufridos por sus padres y dos (2) pagos de ochenta mil dólares ($80,000.00) por los respectivos daños sufridos por los dos (2) hermanos del causante.

En el transcurso, los recurridos solicitaron desistimiento voluntario con perjuicio a favor de Metro Pavía y del Hospital.

Tras el descubrimiento de prueba y la celebración del juicio en su fondo, el 22 de septiembre de 2023, TPI emitió una *Sentencia* en la que se pronunció No Ha Lugar a la *Demanda* presentada por la familia Román García, concluyendo que no se probó la presunta negligencia o impericia médica por parte de los doctores Cedeño y Galib.[3]

Posteriormente, el 5 de octubre de 2023, el doctor Cedeño radicó un memorando de costas y gastos al amparo de la Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, solicitando catorce mil dólares ochocientos cuatro dólares con treinta centavos ($14,804.30), correspondiente a gastos de sellos de radicación, de correo, de transcripción de deposiciones, de peritos, de citaciones y de fotocopias.[4] Por su parte, el 6 de octubre de 2023, el doctor Galib requirió la suma de veintitrés mil trescientos tres dólares con

---

[3] *Íd.,* Anejo XVI, págs. 116-217. Enmendada *Nunc Pro Tunc* el 7 de noviembre de 2023, archivada y notificada en autos el 17 de noviembre de 2023.
[4] *Íd.,* Anejo VI, págs. 74-75.

cuarenta y nueve centavos ($23,303.49), perteneciente a sello de radicación, fotocopias, y honorarios de los peritos.[5]

En oposición, la familia Román García señaló que varios gastos solicitados por los doctores Cedeño y Galib fueron representados a través de su aseguradora, el Sindicato de Aseguradores para la Suscripción Conjunto de Responsabilidad Médico Hospitalaria (SIMED), que no figura como parte en el caso.[6] Además, estableció que los honorarios de los peritos no son recobrables automáticamente, dado que el tribunal debe evaluarlos.

En réplica, el doctor Cedeño indicó que los recurridos, con meras suposiciones que no puede sustentar, se opuso a su memorando de costas.[7] Por otro lado, argumentó que una vez reclamadas, la imposición de costas es mandatorio y que dicha imposición tiene una función reparadora, con el objetivo de resarcir a la parte prevaleciente mediante el reembolso de los gastos que se estimen necesarios y razonables para su defensa. Por su parte, el doctor Galib expuso que la concesión de los honorarios de abogados no era discrecional y solicitó que se celebrase una vista judicial para que se presentase prueba sobre los honorarios de abogado y las facturas de servicios sometidas para dicho pago a SIMED.[8]

En respuesta, el 7 de noviembre de 2023, el TPI declaró Sin Lugar las solicitudes de costas y gastos dado que no fueron incurridos por las partes.[9]

En desacuerdo, el doctor Cedeño acudió ante nos mediante este auto de *certiorari* y le imputó al TPI el siguiente de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO CONCEDER LAS COSTAS SOLICITADAS, POR EL CODEMANDADO, DR. EVEN CEDEÑO, BAJO EL FUNDAMENTO DE QUE NO FUERON SATISFECHAS POR LA PARTE.

---

[5] *Íd.,* Anejo VII, págs. 76-77.
[6] *Íd.,* Anejo VIII, págs. 78-86.
[7] *Íd.,* Anejo XI, págs. 90-95.
[8] *Íd.,* Anejo XII, págs. 96-98.
[9] *Íd.,* Anejo I, págs. 1-2.

Por su parte, el doctor Galib señaló el siguiente error al TPI:

INCURRIÓ EN ERROR MANIFIESTO Y CONTRARIO AL DERECHO VIGENTE EL HON. TPI AL DECLARAR NO HA LUGAR LA PETICIÓN DEL MEMORANDO DE COSTAS INCOADA POR LA PARTE AQUÍ VICTORIOSA A TENOR CON LA REGLA 44.1 DE PROCEDIMIENTO CIVIL [*SUPRA*, R. 44.1] POR SER DICHO DICTAMEN UNO CONTRARIO AL ESTADO DE DERECHO PROCESAL VIGENTE AVALADO POR LAS OPINIONES EMITIDAS POR NUESTRO HON. TRIBUNAL SUPREMO.

En vista de los errores imputados, procedemos a discutir las normas jurídicas aplicables a este recurso.

-III-

-A-

El *certiorari* es un recurso extraordinario cuya característica se asienta en la sana discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR __ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los asuntos en los que se solicita la revisión de una determinación post sentencia, corresponde evaluar dicha solicitud al amparo de lo dispuesto en la Regla 40 del Reglamento de este Tribunal, la cual establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari.*

-B-

La Regla 44.1 de Procedimiento Civil, *supra*, R. 44.1, versa sobre lo concerniente a la concesión de costas. La referida regla dispone lo siguiente:

Regla 44.1. Las costas y los honorarios de abogados
(a) Su concesión. **Las costas se concederán a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.**

(b) Cómo se concederán. La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se incurrió durante la tramitación del pleito o procedimiento. El memorándum de costas se presentará bajo juramento de parte o mediante una certificación del abogado o de la abogada, y consignará que, según el entender de la parte reclamante o de su abogado o abogada, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento. Si no hubiese impugnación, el tribunal aprobará el memorándum de costas y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlas. Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de certiorari. De haberse instado un recurso contra la sentencia, la revisión de la resolución sobre costas deberá consolidarse con dicho recurso. *Íd.* (Énfasis nuestro).

El Tribunal Supremo estableció que la concesión de costas "tiene una función reparadora, ya que permite el reembolso de los

gastos necesarios y razonables que tuvo que incurrir la parte prevaleciente del pleito en su tramitación". *Rosario Domínguez v. ELA*, 198 DPR 197, 211 (2017). Véase *Semidey et al. v. Fcia. Belmonte et al.*, 2023 TSPR 15, 211 DPR __ (2023); *ELA v. El Ojo de Agua Development*, 205 DPR 502, 527 (2020); *Maderas Tratadas v. Sun. Allience et al.*, 185 DPR 880, 934 (2012); *JTP Dev. Corp. v. Majestic Realty Corp.*, 130 DPR 456, 460 (1992). Esto, con el objetivo de no mermar el derecho de la parte prevaleciente de recobrar los gastos razonables asociados a los trámites incurridos, sin su culpa. *ELA v. El Ojo de Agua Development, supra*; *JTP Dev. Corp. v. Majestic Realty Corp., supra*. El segundo objetivo de la aludida regla es tener el efecto disuasivo de desalentar la radicación de pleitos temerarios y superfluos. *JTP Dev. Corp. v. Majestic Realty Corp., supra*.

De esta forma, una vez la parte prevaleciente reclama su pago, la imposición de costas a la parte perdidosa es mandatorio. *Semidey et al. v. Fcia. Belmonte et al., supra*; *ELA v. El Ojo de Agua Development, supra*, pág. 528; *Rosario Domínguez v. ELA, supra*, pág. 212. No obstante, la imposición de costas a la parte perdidosa no opera automáticamente, dado que la parte prevaleciente tiene que presentar oportunamente un memorando de costas en el que se precisen los gastos incurridos, a tenor con la Regla 44.1 (b) de Procedimiento Civil, *supra*, R. 44.1 (b). *Íd.* El tribunal tiene discreción de evaluar la razonabilidad y necesidad de los gastos detallados. *Semidey et al. v. Fcia. Belmonte et al., supra*; *Maderas Tratadas v. Sun. Allience et al., supra*, pág. 935. Empero, "[e]sta discreción se ejercerá con moderación, y se examinará cuidadosamente el memorando de costas en cada caso". *Semidey et al. v. Fcia. Belmonte et al., supra*. Pues, no todos los gastos ocasionados por el pleito son costas. *Andino Nieves v. AAA*, 123 DPR 712, 716 (1989); *Garriga, Jr. v. Tribunal Superior*, 88 DPR 245, 252 (1963). Las costas son aquellos gastos razonables que sean causa inmediata o directa del pleito. R.

Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho procesal civil*, 6ta ed., San Juan: Lexisnexis, 2017, pág. 427.

A su vez, no todos los gastos son recobrables, dado que sólo se recobran aquellos gastos necesarios y razonables para tramitar el pleito, más no así los gastos innecesarios, superfluos o extravagantes. *Semidey et al. v. Fcia. Belmonte et al., supra*; *PR Fast Ferries et al. v. AAPP*, 2023 TSPR 121, 213 DPR __ (2023). **Además, no son recobrables como costas los honorarios de abogados, salvo una ley especial así lo disponga, ni los gastos ordinarios de oficina como los sellos postales, materiales de oficina, servicios telefónicos y de mensajería, las transcripciones de récords de las vistas cuando se soliciten por conveniencia, entre otros**. *Íd.*

Por otro lado, en cuanto a los gastos de un perito, el derecho a recobrarlos depende de que se trate de un perito del tribunal o de la parte. *Andino Nieves v. AAA, supra*, pág. 716.

Expuesto el derecho aplicable a la controversia de marras, procedemos a atender la controversia planteada.

-IV-

En el caso ante nuestra consideración, por esta relacionados ambos señalamientos de error, los discutiremos en conjunto. Ambos versan en torno a la Regla 44.1 de Procedimiento Civil, *supra*, R. 44.1, sobre memorando de costas y gastos a la parte prevaleciente. En esencia, los doctores Cedeño y Galib plantearon que erró el TPI al declarar No Ha Lugar a la concesión de costas y gastos bajo el fundamento de que no fueron satisfechos por la parte.

Tras un análisis minucioso de los autos, resolvemos que erró el TPI al denegar la solicitud de reembolsar las costas a los doctores Cedeño y Galib, basado en que las partes no satisficieron los gastos. De una lectura a la Regla 44.1 de Procedimiento Civil, *supra*, R. 44.1, no nos parece que la misma condiciona la concesión de las costas. La Regla 44.1 de Procedimiento Civil, *supra*, R. 44.1, es clara en

establecer que se provee para la concesión de costas a la parte en cuyo favor se resolvió el pleito. Resolver lo contrario, implicaría menoscabar el propósito de la referida regla de que la parte prevaleciente recobre los gastos que razonablemente se vio obligada a incurrir, en relación con los trámites en el pleito. Resulta inmaterial que, en cumplimiento con sus obligaciones contractuales, la aseguradora de los demandados en este caso haya incurrido en los gastos necesarios del litigio.[10] En este caso, los doctores Cedeño y Galib, luego de prevalecer en los méritos, oportunamente presentaron sus respectivos memorando de costas y gastos, por lo que la concesión de los mismos era mandatorio. Ahora bien, le corresponde al TPI concederles a los aquí peticionarios las partidas que correspondan, a tenor con los gastos reclamados, basado en la razonabilidad y la necesidad para tramitar el pleito.

-V-

Por los fundamentos que anteceden, *expedimos* el auto de *certiorari* y *revocamos* la determinación el TPI. En consecuencia, se devuelve el caso al TPI para que evalúe los respectivos memorandos de costas presentados por los doctores Cedeño y Galib y conceda las partidas que en derecho correspondan.

Al amparo de la Regla 35 (A)(1) de nuestro Reglamento,[11] el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.

Lo acuerda el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] Circunstancia que a su vez podría significar un incremento en el costo de las primas de la póliza.

[11] Regla 35 (A)(1): "La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**." 4 LPRA Ap. XXII-B R. 35.