Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| ANTONIO L. IGUINA GONZÁLEZ<br><br>Recurrido<br><br>V.<br><br>JUAN W. HOWE HERNÁNDEZ<br><br>Peticionario | KLCE202400065 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>BY2022CV05908<br><br>Sobre:<br>Persecución Maliciosa |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2024.

Comparece el señor Juan W. Howe Hernández (en adelante, señor Howe Hernández o peticionario), mediante el recurso de *certiorari*. Nos solicita que revoquemos una *Resolución* emitida el 18 de diciembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] Mediante esta, el TPI declaró No ha Lugar la solicitud del pago de costas y honorarios de abogado que presentó la parte prevaleciente en la *Demanda* incoada por el señor Antonio L. Iguina González (en adelante, señor Iguina González o recurrido).

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* y *confirmamos* la determinación recurrida.

---

[1] Apéndice del *Certiorari*, Anejo I, págs. 1-3. Archivada y notificada en autos el 18 de diciembre de 2023.

**-I-**

La controversia ante nuestra consideración tiene su origen en una demanda presentada el 17 de noviembre de 2022 por el señor Iguina González en contra del señor Howe Hernández por daños y perjuicios, persecución maliciosa y abuso del Derecho.[2] En dicha reclamación, el recurrido arguyó que el señor Howe Hernández ha interpuesto diversos pleitos frívolos en su contra, en detrimento de su reputación y honra. En consecuencia, hizo un recuento de los alegados incidentes.

En primer lugar, el señor Iguina González adujo que, el 13 de julio de 2020, el señor Howe presentó una demanda en el TPI, Sala Superior de Guaynabo, en la cual fue incluido como demandado junto con el Consejo de Titulares del Condominio Torres San Miguel y otras personas naturales que formaban parte de la Junta de Directores de dicho condominio.[3] El señor Iguina González alegó que, en esa demanda, el señor Howe Hernández esgrimió un sinnúmero de falsedades en contra de todas las partes demandadas, incluyendo acusaciones falsas sobre su persona. Cabe señalar que, el TPI desestimó la demanda al entender que: (1) no existía una causa de acción personal contra los Directores de la Junta; (2) el caso estaba siendo atendido por el Departamento de Asuntos del Consumidor (DACO); y (3) las alegaciones eran ambiguas y estereotipas.[4] Asimismo, el Tribunal de Apelaciones confirmó el dictamen del foro primario.[5]

En segundo lugar, el señor Iguina González arguyó en su petición que, el 11 octubre de 2022, el señor Howe Hernández

---

[2] *Íd.,* Anejo II, págs. 4-11.
[3] Dicha demanda fue identificada con el código alfanumérico GB2020CV00437.
[4] Véase entrada 97 del expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) del caso GB2020CV00437.
[5] Véase KLAN202100250.

presentó una segunda demanda en el TPI de San Juan, en la cual reiteró afirmaciones falsas en su contra.[6]

Por último, el señor Iguina González indicó en la *Demanda* que, el 6 de octubre de 2021, el señor Howe Hernández solicitó ante el TPI de Guaynabo una orden de protección al amparo de la Ley Contra el Acecho en Puerto Rico, Ley 284-1999, según enmendada, 33 LPRA sec. 4013 nota, alegando que el recurrido lo había amenazado, intimidado, acechado, provocado, acosado y ofendido en tres (3) ocasiones distintas. En dicho procedimiento, el foro primario concedió una orden de protección por acecho *ex parte*. Sin embargo, después de escuchar a las partes involucradas en el proceso legal, el TPI determinó que la solicitud carecía de fundamentos y ordenó el archivo del caso.

Así las cosas, el señor Iguina González sostuvo que las acciones de persecución del señor Howe Hernández han lacerado su nombre y su honra, causándole perjuicios en su vida codiana, profesional, emocional y económica. Por lo tanto, solicitó una compensación no menor de cien mil dólares ($100,000.00). Además, reclamó una cantidad no menor de cincuenta mil dólares ($50,000.00) por daños morales, resurgentes y continuos al enfrentarse a procedimienros legales viciosos e injustificados.[7]

Después de diversos trámites procesales, el 26 de abril de 2023, el señor Howe Hernández presentó un escrito titulado "*Otra moción de desestimación*", en el cual solicitó que el TPI desestimara el caso debido al incumplimiento por parte del señor Iguina González en la preparación del informe de manejo del caso, conforme a la Regla 37 de Procedimiento Civil.[8] No obstante, el 11 de julio de 2023, el foro primario emitió una *Resolución* en la que denegó la

---

[6] Dicha demanda, presentada ante el TPI de San Juan, fue identificada con el código alfanumérico SJ2022CV08925.

[7] Apéndice de *Certiorari*, Anejo II, págs. 10-11.

[8] *Íd.,* Anejo VI, págs. 26-42.

desestimación y ordenó la continuación de los procedimientos, señalando que en Puerto Rico existe la causa de acción por persecusión maliciosa.[9]

El 10 de agosto de 2023, el señor Howe Hernández acudió al Tribunal de Apelaciones mediante el recurso de *certiorari*.[10] Posteriormente, el 12 de septiembre de 2023, este Tribunal intermedio emitió una *Sentencia* en la que revocó la determinación del TPI y desestimó la demanda presentada por el señor Iguina González. El juez Pagán Ocasio disintió de tal proceder.[11] El mandato de esta determinación fue remitido el 10 de noviembre de 2023.[12]

Por su parte, el 27 de noviembre de 2023, el foro primario emitió una *Sentencia* en la que ordenó el archivo y cierre con perjuicio del asunto para fines estadísticos, de conformidad con la decisión del Tribunal de Apelaciones de desestimar el caso.[13] Cabe mencionar que, el TPI emitió una *Sentencia enmendada nunc pro tunc*, notificada el 29 de noviembre de 2023, con el fin de corregir una referencia incorrecta al Banco Popular como la parte demandante en lugar de mencionar al señor Iguina González.[14]

En este contexto, el 1 de diciembre de 2023, el señor Howe Hernández presentó ante el foro primario un *Memorando de costas y honorarios de abogado* en el que solicitó la suma de diecisiete mil setecientos dólares ($17,700.00) o una cantidad no menor de diez mil dólares ($10,000.00) por honorarios legales, así como la cantidad de cuatrocientos sesenta y cinco dólares ($465.00) por gastos y costas.[15] En contraste, el señor Iguina González presentó

---

[9] *Íd.,* Anejos IX, págs. 61-62. Archivada y notificada en autos el 12 de julio de 2023.
[10] *Íd.,* Anejo X, págs. 63-64.
[11] *Íd.,* Anejo XI, págs. 65-75.
[12] *Íd.,* Anejo XII, págs. 76-77.
[13] *Íd.,* Anejo XIII, págs. 78-81.
[14] *Íd.,* Anejo XV, págs. 84-87.
[15] *Íd.,* Anejo XVI, págs. 88-103.

una *Moción en cumplimiento de orden y en oposición a "Memorando de costas y solicitud de honorarios de abogado"* en la que solicitó que el TPI declare no ha lugar la solicitud de cosas y honorarios por falta de jurisdicción, argumentando que la sentencia del Tribunal de Apelaciones privó al foro primario de atender el asunto.[16]

El 18 de diciembre de 2023, el TPI emitió una *Resolución* en la que denegó el memorando de cosas debido a que fue presentado fuera del término jurisdiccional de diez (10), según disponen las Reglas de Procedimiento Civil.[17] Aclaró que la sentencia del 27 de noviembre de 2023 tuvo como propósito cerrar estadísdicamente el caso en el foro primario y señaló que la decisión que resolvió la reclamación fue la del Tribunal de Apelaciones.

Inconforme, el señor Howe Hernández acudió ante nos mediante el recurso que nos ocupa y le imputó al TPI los siguientes errores:

> **PRIMER ERROR:** ERRÓ EL TRIBUNAL DE INSTANCIA CUANDO SE NEGÓ [A] ATENDER EL ESCRITO DE MEMORÁNDUM DE COSTAS Y SOLICITUD DE HONORARIOS DE ABOGADO.

> **SEGUNDO ERROR:** ERRÓ EL TRIBUNAL DE INSTANCIA CUANDO ABUSÓ DE SU DISCRECIÓN Y SE NEGÓ [A] ATENDER EL ESCRITO DE MEMORÁNDUM DE COSTAS Y SOLICITUD DE HONORARIOS DE ABOGADO [,] SOLO ADUCIENDO QUE SU SENTENCIA NUNC PRO TUNC ERA PARA "FINES ESTADÍSTICOS".

En vista de los errores imputados, procedemos a discutir las normas jurídicas aplicables a este recurso.

Destacamos que, conforme a lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 Ap. XXII-B, R. 7 (B) (5), y dadas las particularidades de este caso, prescindimos de la comparecencia de las posibles partes con interés, y resolvemos.

---

[16] *Íd.,* Anejo XVII, págs. 104-108.
[17] *Íd.,* Anejo I, págs. 1-3.

**-III-**

**-A-**

El *certiorari* es un recurso extraordinario cuya característica se asienta en la sana discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR __ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los asuntos en los que se solicita la revisión de una determinación post sentencia, corresponde evaluar dicha solicitud al amparo de lo dispuesto en la Regla 40 del Reglamento de este Tribunal, la cual establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari.*

**-B-**

La Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, versa sobre lo concerniente a la concesión de costas y honorarios de abogado. La referida regla dispone lo siguiente:

Regla 44.1. Las costas y los honorarios de abogados

(a) *Su concesión.* Las costas se concederán a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.

(b) *Cómo se concederán.* La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se incurrió durante la tramitación del pleito o procedimiento. [...]

(c) *En etapa apelativa.* **La parte a cuyo favor un tribunal apelativo dicte sentencia** presentará en la sala del Tribunal de Primera Instancia que decidió el caso inicialmente y notificará a la parte contraria, **dentro del término jurisdiccional de diez (10) días contados a partir de la devolución del mandato y conforme a los criterios establecidos en el inciso (b) anterior**, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos para la tramitación del recurso ante el Tribunal de Apelaciones y en el Tribunal Supremo, según corresponda. [...]

Cuando se revoque la sentencia del Tribunal de Primera Instancia la parte a cuyo favor se dicte la sentencia, presentará un memorándum de costas de conformidad con el procedimiento y el término establecido en este inciso e incluirá los gastos y desembolsos incurridos tanto en el Tribunal de Primera Instancia como en el Tribunal de Apelaciones y en el Tribunal Supremo.

Respecto a los honorarios de abogado, la citada Regla establece:

(d) Honorarios de abogado. En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o dependencias haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.

Es meritorio resaltar que, respecto a las costas, **los términos que establece esta regla son jurisdiccionales,** por lo que el plazo de diez (10) días, tanto para presentar el memorando de costas como para oponerse al mismo, es improrrogable. **El cumplimiento tardío al presentar el memorando priva al tribunal de autoridad para considerar y aprobar las costas reclamadas**. *Rosario Domínguez v. E.L.A.*, 198 DPR 197 (2017); *Pereira v. IBEC*, 95 DPR 28 (1967); J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2nd ed., Publicaciones JTS, 2011, T. IV, págs. 1270 y 1297.

El Tribunal Supremo ha establecido que la concesión de costas "tiene una función reparadora, ya que permite el reembolso de los gastos necesarios y razonables que tuvo que incurrir la parte prevaleciente del pleito en su tramitación". *Rosario Domínguez v. ELA*, 198 DPR 197, 211 (2017). Véase *Semidey et al. v. Fcia. Belmonte et al.*, 2023 TSPR 15, 211 DPR __ (2023); *ELA v. El Ojo de Agua Development*, 205 DPR 502, 527 (2020); *Maderas Tratadas v. Sun. Allience et al.*, 185 DPR 880, 934 (2012); *JTP Dev. Corp. v. Majestic Realty Corp.*, 130 DPR 456, 460 (1992). Esto, con el objetivo de no mermar el derecho de la parte prevaleciente de recobrar los gastos razonables asociados a los trámites incurridos, sin su culpa. *ELA v. El Ojo de Agua Development, supra*; *JTP Dev. Corp. v. Majestic Realty Corp., supra.* El segundo objetivo de la aludida regla es tener el efecto disuasivo de desalentar la radicación de pleitos temerarios y superfluos. *JTP Dev. Corp. v. Majestic Realty Corp., supra.* De esta forma, una vez la parte prevaleciente reclama su pago, la imposición de costas a la parte perdidosa es mandatorio. *Semidey et al. v. Fcia. Belmonte et al., supra*; *ELA v. El Ojo de Agua Development, supra*, pág. 528; *Rosario Domínguez v. ELA, supra*, pág. 212. No obstante, la imposición de costas a la parte perdidosa no opera automáticamente, dado que **la parte prevaleciente tiene que presentar oportunamente un memorando de costas en el que se precisen**

**los gastos incurridos**, a tenor con la Regla 44.1 (b) de Procedimiento Civil, *supra,* R. 44.1 (b). *Íd.* Además, el tribunal tiene discreción de evaluar la razonabilidad y necesidad de los gastos detallados. *Semidey et al. v. Fcia. Belmonte et al., supra; Maderas Tratadas v. Sun. Allience et al., supra,* pág. 935. Empero, "[e]sta discreción se ejercerá con moderación, y se examinará cuidadosamente el memorando de costas en cada caso". *Semidey et al. v. Fcia. Belmonte et al., supra.* Pues, no todos los gastos ocasionados por el pleito son costas. *Andino Nieves v. AAA,* 123 DPR 712, 716 (1989); *Garriga, Jr. v. Tribunal Superior,* 88 DPR 245, 252 (1963). Las costas son aquellos gastos razonables que sean causa inmediata o directa del pleito. R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho procesal civil,* 6ta ed., San Juan: Lexisnexis, 2017, pág. 427.

A su vez, no todos los gastos son recobrables, dado que sólo se recobran aquellos gastos necesarios y razonables para tramitar el pleito, más no así los gastos innecesarios, superfluos o extravagantes. *Semidey et al. v. Fcia. Belmonte et al., supra; PR Fast Ferries et al. v. AAPP,* 2023 TSPR 121, 213 DPR __ (2023). Además, no son recobrables como costas los honorarios de abogados, salvo una ley especial así lo disponga, ni los gastos ordinarios de oficina como los sellos postales, materiales de oficina, servicios telefónicos y de mensajería, las transcripciones de récords de las vistas cuando se soliciten por conveniencia, entre otros. *Íd.*

-C-

Asimismo, tal y como fuera previamente transcrita, la Regla 44.1(d) de Procedimiento Civil, *supra,* R. 44.1 (d) aborda la concesión de honorarios de abogado. En este contexto, esta regla faculta a los tribunales a imponer el pago de una cuantía por concepto de honorarios de abogado, en casos donde cualquiera de las partes o sus abogados hayan procedido con temeridad o frivolidad. Es decir, la referida Regla requiere el elemento de *"temeridad",* que nuestro

Tribunal Supremo la ha definido como "una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia". *Jarra v Corp. v. Axxis Corp., 155 DPR 764, 779* (2001). Por ello, su propósito es **penalizar** al que con su conducta ha obligado a la parte adversa en un litigio a incurrir en gastos. *SLG Flores-Jiménez v. Colberg, 173 DPR 843, 866* (2008). Además, es importante mencionar que la imposición de honorarios por temeridad descansa en la sana discreción de los tribunales. *Torres Montalvo v. García Padilla,* 194 DPR 760, 790 (2016).

Expuesto el derecho aplicable a la controversia de marras, procedemos a atender la controversia planteada.

### -IV-

En el caso ante nuestra consideración, discutiremos en conjunto ambos señalamientos de error, por estar relacionados. Ambos versan en torno a la Regla 44.1 de Procedimiento Civil, *supra,* R. 44.1, sobre el memorando de costas y gastos en favor de la parte prevaleciente y la imposición de honorarios legales. En síntesis, el señor Howe Hernández planteó que erró el TPI al declarar No Ha Lugar la concesión de costas y honorarios de abogados bajo el fundamento de que la *Sentencia nunc pro tunc* se emitió para fines estadísticos.

Tras un análisis minucioso de los autos, resolvemos que no erró el TPI al denegar la solicitud de costas y honorarios legales presentada por el señor Howe Hernández.

La Regla 44.1 de Procedimiento Civil, *supra,* R. 44.1, es clara en establecer que la parte beneficiada por una sentencia de un tribunal de apelación deberá presentar un memorándum de todas las partidas de gastos y desembolsos necesarios incurridos para la tramitación del recurso en la sala del TPI que resolvió inicialmente el caso y notificar a la parte adversa, todo ello **dentro del plazo**

**jurisdiccional de diez (10) días contados a partir de la devolución del mandato.**

Sin embargo, el señor Howe Hernández, luego de prevalecer en los méritos, no presentó oportunamente el memorando de costas. Surge de los autos que, la devolución del mandato del Tribunal de Apelaciones se efectuó el 10 de noviembre de 2023.[18] En este contexto y conforme al término jurisdiccional estipulado en la Regla 44.1 de Procedimiento Civil, *supra*, R. 44.1, el plazo para que el señor Howe Hernández presentara su memorando de cosas **se extendía hasta el 20 de noviembre de 2023**. No obstante, el peticionario presentó dicho memorando el 1 de diciembre de 2023[19], basándose en la notificación del TPI sobre la *Sentencia enmendada nunc pro tunc*, la cual fue notificada el 29 de noviembre de 2023.[20]

Es menester señalar que la Sentencia que resolvió el caso fue la emitida por este Tribunal de Apelaciones, mientras que la Sentencia del TPI fue generada para archivar y cerrar el asunto **para fines estadísticos** en el TPI, por lo que no se le puede adscribir a dicho trámite estrictamente administrativo, y sin consecuencia sustantiva en el caso, el alcance pretendido por el peticionario.

Respecto a la solicitud de imposición de honorarios de abogado, tal y como se ha consignado previamente, ello procedería únicamente tras la determinación por parte del Tribunal sentenciador de que una parte ha actuado con temeridad. Examinada la Sentencia emitida el 12 de septiembre de 2023 por este Tribunal, la cual ya es final y firme, la misma carece de dicha determinación. Ante dicha circunstancia, y no habiéndose solicitado la conclusión de que la parte recurrida incurrió en temeridad antes de que la Sentencia que realmente dispuso del caso

---

[18] *Íd.,* Anejo XII, págs. 76-77.
[19] *Íd.,* Anejo XVI, págs. 88-103.
[20] *Íd.,* Anejo XIII y XV, págs. 78-81 y 84-87.

adviniese en final y firme, no procede en este momento solicitar la imposición del pago de honorarios de abogado a la parte recurrida.

**-V-**

Por los fundamentos que anteceden, *expedimos* el auto de *certiorari* y *confirmamos* la determinación del TPI.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
