ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **PATRICIA RIVERA POLANCO**<br><br>Recurrida<br><br>**ADDY POLANCO VÁZQUEZ**<br><br>Peticionaria<br><br><br>**EX PARTE** | KLAN202500277 | **APELACIÓN** acogida como *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **Arecibo**<br><br><br>Civil Núm.:<br>**C EX2018-0132**<br><br>Sobre:<br>Custodia |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Santiago Calderón[1].

Cintrón Cintrón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de julio de 2025.

Comparece ante nos la señora Addy Polanco Vázquez, (señora Polanco Vázquez o parte peticionaria) y solicita nuestra intervención para que revisemos dos (2) dictámenes emitidos por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI). En el primero, pronunciado el 18 de diciembre de 2024, el TPI declaró *Ha Lugar* el *Memorando de Costas* presentado por la parte recurrida, señora Patricia Rivera Polanco (señora Rivera Polanco). En el segundo, dictado el 19 de febrero de 2025, el TPI denegó la *Moción Solicitando Relevo de Resolución* incoada por la señora Polanco Vázquez.

Ahora bien, a pesar de que se instó un recurso de apelación, lo acogemos como *certiorari,* toda vez que se recurre de una solicitud de remedio *postsentencia.* Sin embargo, se mantendrá el mismo alfanumérico asignado por la Secretaría de este Tribunal de Apelaciones por cuestiones de economía procesal.

---

[1] Véase *Orden Administrativa OATA-2025-049* del 4 de abril de 2025.

Número Identificador
RES2025 _____

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

**I.**

Según surge del expediente, en el 2018, la señora Rivera Polanco y su madre, la señora Polanco Vázquez, instaron una *Petición* ante el TPI, a través de la cual la primera le cedió a la segunda la custodia provisional de su hijo menor, EIRP. El 6 de marzo de 2019, el foro *a quo* aprobó la cesión de custodia provisional del menor EIRP a la señora Polanco Vázquez, su abuela materna, a quien se le adjudicaron también facultades tutelares para asuntos académicos, de salud, de cuido y para que representara al menor en cualquier agencia pública o privada como si tuviera patria potestad sobre este. Conforme pactaron las partes, la señora Rivera Polanco conservó la patria potestad de su hijo y la cesión de custodia era por tiempo indeterminado hasta que una de las partes declinara la autorización y lo expresara por escrito.

Así las cosas, en el 2020, la señora Rivera Polanco notificó a la señora Polanco Vázquez, su madre, el retiro de la autorización para la continuación de la custodia provisional del menor EIRP. La señora Polanco Vázquez se opuso vehementemente y desde ese entonces, las partes se encuentran inmersas en una tortuosa contienda legal sobre la custodia de EIRP.

Tras múltiples incidentes procesales, que incluyeron la presentación de tres (3) recursos ante este Foro[2], y luego de extensas vistas de custodia celebradas en el TPI desde septiembre de 2023 hasta marzo de 2024[3], el Tribunal de Primera Instancia dictó *Resolución* el 23 de julio de 2024. Mediante dicha determinación,

---

[2] Véase, KLCE202100573, KLCE202201261 y KLCE202301424.
[3] De la *Resolución* se desprende que durante las vistas ofrecieron su testimonio 13 testigos y el Tribunal justipreció 60 documentos.

otorgó la custodia monoparental del menor a la señora Rivera Polanco, su madre.

El foro de instancia concluyó que no existía razón alguna para que la señora Rivera Polanco no ejerciera su rol materno y pudiera continuar con la crianza de su hijo. Por otro lado, destacó que la señora Polanco Vázquez realizó imputaciones sin fundamento dirigidas a invalidar a la señora Rivera Polanco, su hija, además de que se opuso injustificadamente a las relaciones maternofiliales. En esa dirección, el TPI dispuso que el comportamiento ejercido por la señora Polanco Vázquez, abuela materna, contravenía de forma deliberada varias órdenes emitidas en el caso, y que ello no obraba en los mejores intereses de EIRP.

Por último, el juzgador de los hechos destacó la conducta de la señora Polanco Vázquez, la cual catalogó como una totalmente enajenante, en perjuicio de EIRP, y en desprecio del derecho de patria potestad que ostenta la señora Rivera Polanco. Por tanto, determinó que la señora Polanco Vázquez no estaba capacitada para tener la custodia del menor EIRP, ni de velar por sus mejores intereses.

Asimismo, en su dictamen, el TPI ordenó lo siguiente:

1) La señora Polanco Vázquez debía devolver de manera inmediata la custodia del menor EIRP a la señora Rivera Polanco;

2) La señora Polanco Vázquez tenía 24 horas para entregar todas las pertenencias y documentos del menor EIRP a la señora Rivera Polanco;

3) El TPI no concedió ningún tipo de relaciones abuelofiliales a la señora Polanco Vázquez. Ello, al determinar que exhibió una conducta de enajenación parental.

El 2 de agosto de 2024, la señora Rivera Polanco presentó un memorando juramentado, en el cual detalló las costas del caso ascendientes a $7,732.52. Así, solicitó al TPI que las aprobara y ordenara a la señora Polanco Vázquez al pago correspondiente. Esta última se opuso a dicho petitorio. El 18 de diciembre de 2024, el foro de instancia dictó una *Resolución* y declaró *Ha Lugar* el memorando

de costas instado por la señora Rivera Polanco. La señora Polanco Vázquez solicitó reconsideración, pero el TPI la denegó en un pronunciamiento emitido el 19 de febrero de 2025, notificado el 4 de marzo de 2025.

De otro lado, el 6 de diciembre de 2024, la señora Polanco Vázquez incoó una *Moción Solicitando Relevo de Resolución* al amparo de la Regla 49.2 de Procedimiento Civil. Fundamentó su solicitud en que su anterior representación legal solicitó el relevo en una etapa avanzada del caso y el TPI lo concedió, lo cual, a su entender, tuvo un impacto significativo y perjudicial en sus derechos procesales. Añadió que lo anterior la obligó a contratar una abogada que no estuvo presente durante el juicio y ello la colocó en una posición de desventaja evidente. Subrayó que su nueva representación legal necesitó familiarizarse con meses de vistas, testimonios y pruebas para poder presentar cualquier solicitud de reconsideración o recurso de apelación. Precisó, a su vez, que el cambio abrupto de representación legal, además de imponerle una carga económica adicional, afectó su capacidad de responder oportunamente al dictamen emitido el 23 de julio de 2024. Además, alegó que el mencionado suceso la dejó en un estado de indefensión, comprometió su derecho a una defensa efectiva, así como su acceso a los recursos procesales adecuados y esenciales para garantizar un juicio justo.

Por igual, en su comparecencia, la señora Polanco Vázquez incluyó razonamientos dirigidos a atacar la apreciación de la prueba del Juez que presidió las vistas y las determinaciones de hechos incluidas en la *Resolución*. Adujo que el TPI se inclinó desproporcionadamente a favor de la señora Rivera Polanco, madre de EIRP, sin realizar un análisis ponderado del vínculo emocional sólido y estable que el niño EIRP había desarrollado con la señora Polanco Vázquez, su abuela materna. Asimismo, esbozó que el TPI

no evaluó de manera adecuada el impacto negativo que una separación abrupta podría tener en el bienestar emocional y psicológico del menor EIRP.

La señora Rivera Polanco presentó oposición a la solicitud de relevo de resolución. Arguyó que: (1) la solicitud de relevo contenía premisas incorrectas; (2) la transición del menor EIRP ya tuvo lugar y la solicitud de custodia o relaciones abuelofiliales ya fue ponderada y (3) el cambio de representación legal no era razón válida para dilatar los procesos y mucho menos alegar que sus derechos quedaron afectados por sus propios actos. En respuesta, la señora Polanco Vázquez instó una réplica y, en cuanto al argumento de cambio de representación legal, reiteró que la renuncia de su abogada afectó directamente la continuidad de su defensa y el manejo del proceso, por lo cual entendía que el TPI debía considerarlo en la evaluación de la solicitud de relevo de resolución. En la alternativa, esgrimió que, aun si el TPI hubiera determinado que procedía aceptar la renuncia de su abogada, debió concederle un tiempo razonable a la nueva representación legal para poder prepararse adecuadamente y asumir la defensa de manera efectiva. Acentuó que el relevo de resolución era necesario para garantizar el debido proceso y la justicia procesal.

Llegado a este punto, el 19 de febrero de 2025, notificada el 4 de marzo de 2025, el foro de instancia dictó una *Orden*, por medio de la cual denegó la solicitud de relevo de resolución de la señora Polanco Vázquez.

Insatisfecha, la señora Polanco Vázquez recurre ante este foro revisor y alega que el TPI cometió los siguientes errores:

> El Tribunal de Primera Instancia, Sala Superior de Arecibo, erró al no emitir determinaciones de hechos claras en su Resolución.

> El Tribunal de Primera Instancia, Sala Superior de Arecibo, erró al ignorar la prueba presentada sobre la necesidad de evaluaciones psicológicas y profesionales.

> El Tribunal de Primera Instancia, Sala Superior de Arecibo, erró al no considerar el impacto emocional del menor al suspender abruptamente su relación con su abuela.
>
> El Tribunal de Primera Instancia, Sala Superior de Arecibo, erró al no establecer un plan de relaciones abuelo filiales.
>
> El Tribunal de Primera Instancia abusó de su discreción al adjudicar la custodia sin considerar evidencia suficiente y al omitir el análisis adecuado de las relaciones abuelo-filiales.
>
> El Tribunal de Primera Instancia abusó de su discreción al imponer costas en un caso de naturaleza familiar, contrario a la jurisprudencia y principios de equidad.

El 2 de junio de 2025, la señora Rivera Polanco compareció mediante *Alegato de la Parte Apelada.*

Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

## II.

## A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019). Las resoluciones u órdenes *postsentencia* no están comprendidas de forma expresa bajo ninguno de los incisos de la mencionada Regla. Este tipo de recurso debe evaluarse bajo los parámetros establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones para la expedición de un *certiorari.* Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025). Véase, *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012).[4]

---

[4] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la

---

Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, supra.

decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

Como es sabido, toda sentencia dictada por un tribunal tiene a su favor una presunción de validez y corrección. Solo en ciertos escenarios muy particulares nuestro ordenamiento procesal civil permite a una parte solicitar el relevo de los efectos de una sentencia dictada previamente en su contra. *López García v. López García*, 200 DPR 50, 59 (2018). El relevo de sentencia es un mecanismo *postsentencia* que capacita al juzgador a eliminar o modificar su dictamen, con el objetivo de hacer justicia. *Piazza v. Isla del Río, Inc.*, 158 DPR 440, 479 (2003); *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445, 449 (1977). Este remedio es extraordinario, discrecional y se utiliza para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia. *Pérez Ríos et al. v. CPE*, 213 DPR 203 (2023); *Vázquez v. López*, 160 DPR 714, 725 (2003).

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, regula dicho remedio. La misma dispone que:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (a)  Error, inadvertencia, sorpresa o negligencia excusable;

(b)     descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;

[...]

(c)     fraude;

(d)     nulidad de la sentencia

(e)     la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f)     cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en los incisos (c) o (d) de esta regla. La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta regla no afectará la finalidad de una sentencia, ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:

(1) Conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;

(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y

(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.

[...]

La persona que solicita el relevo de una sentencia está obligada a justificar su solicitud amparándose en una de las causales establecidas en la aludida Regla. *Reyes v. E.L.A. et al.*, 155 DPR 799, 809 (2001). Igualmente, si la parte que solicita el relevo aduce una buena defensa y el relevo no ocasiona perjuicio alguno a la parte contraria, éste debe ser concedido. *García Colón et al. v. Sucn. González*, 178 DPR 527, 540 (2010). Ahora bien, este mecanismo no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación. *Íd.*, pág. 541.

Este mecanismo tiene un rol dual: adelantar el interés de que los casos se resuelvan en sus méritos haciéndose justicia sustancial

y, por otra parte, finalizar los pleitos. *HRS Erase v. CMT*, 205 DPR 689, 698 (2020); *García Colón et al v. Sucn. González,* 178 DPR 527, 540 (2010).[5] También se ha establecido que lo dispuesto en la Regla 49.2 de Procedimiento Civil, *supra*:

> [...] *aplica sólo en aquellas raras instancias en que existe un error jurisdiccional o una violación al debido proceso de ley que privó a una parte de la notificación o de la oportunidad de ser oída.* Esta regla no provee a las partes licencia para dormirse sobre sus derechos. (Énfasis suplido en el original). *López García v. López García*, supra, pág. 61, citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., Estados Unidos, Pubs. JTS, 2011, T. IV, pág. 1415.

De ordinario, la determinación de relevar a una parte de los efectos de una sentencia está supeditada a la discreción del foro sentenciador. Sin embargo, ello encuentra su excepción en los casos de nulidad o cuando la sentencia ha sido satisfecha. *López García v. López García*, supra; *García Colón et al. v. Sucn. González*, supra. La nulidad de una sentencia por una violación al debido proceso de ley puede materializarse de distintas maneras. *HRS Erase v. CMT,* supra, pág. 699.

Como norma general, las mociones de relevo de sentencia deben presentarse dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia. *HRS Erase v. CMT,* supra, pág. 698. Este término es de naturaleza fatal en su acción extintiva del derecho. *Sánchez Ramos v. Troche Toro,* 111 DPR 155, 157 (1981). Por ende, transcurrido dicho plazo, no puede adjudicarse la solicitud de relevo. *García Colón et al v. Sucn. González,* supra, pág. 543; *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237, 243 (1996). No obstante, tales normas ceden cuando se trata de una sentencia que adolece de nulidad*. HRS Erase v. CMT*, supra, pág. 698, citando *Rivera v. Algarín*, 159 DPR 482, 490 (2003).

---

[5] Véase, además, *Oriental Bank v. Pagán Acosta y otros*, 2024 TSPR 133, 215 DPR ___ (2024) (Sentencia).

Es importante consignar que una moción de relevo de sentencia no puede sustituir los recursos procesales de reconsideración o apelación. *Vázquez v. López,* supra, pág. 726; *Olmeda Nazario v. Sueiro Jiménez,* 123 DPR 294, 299 (1989). Sin embargo, en ciertas instancias puede concederse aún después de que la sentencia haya advenido final y firme. *Piazza v. Isla del Río, Inc.,* supra*; Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314, 328 (1997).

Reiteradamente se ha establecido que el remedio de reapertura "no es una llave maestra para reabrir a capricho el pleito ya adjudicado". *Piazza v. Isla del Río, Inc.*, supra, pág. 449.  Por ello, debemos enfatizar que, aunque la reapertura existe en bien de la justicia, esta no constituye una facultad judicial absoluta, toda vez que a este mecanismo procesal se le contrapone la finalidad fundamental de certeza y estabilidad en los procedimientos judiciales, así como la rápida adjudicación de las controversias.  Consecuentemente, les corresponde a los tribunales establecer un balance adecuado entre ambos intereses.  *Íd.; Fine Art Wallpaper v. Wolff,* 102 DPR 451, 457-458 (1974).

### C.

Como es sabido, las costas son "los gastos, necesariamente incurridos en la tramitación de un pleito o procedimiento, que un litigante debe reembolsar a otro por mandato de ley o por determinación discrecional del juez". *ELA v. Ojo de Agua Development, Inc.,* 205 DPR 502, 527 (2020).[6]

Las Reglas de Procedimiento Civil regulan la concesión de costas en nuestro ordenamiento. Específicamente, la Regla 44.1(a), 32 LPRA Ap. V, R. 44.1(a), establece lo siguiente:

> Las costas se concederán a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto

---

[6] Citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 4201, pág. 426.

en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.

[...]

Esta disposición tiene una función reparadora, pues permite el reembolso de los gastos necesarios y razonables que tuvo que incurrir la parte prevaleciente del pleito en su tramitación. *Rosario Domínguez et al. v. ELA et al.*, 198 DPR 197, 211 (2017). De esta forma no queda "menguado" por los gastos que tuvo que incurrir sin su culpa y por culpa del adversario. *Íd.*, citando a *Maderas Tratadas v. Sun Alliance et. al.,* 185 DPR 880, 934 (2012).

Una vez se reclaman, la imposición de costas a favor de la parte victoriosa es mandatoria. *Rosario Domínguez et al. v. ELA et al.*, supra, pág. 212. No obstante, no todos los gastos del litigio son recobrables como costas. *PR Fast Ferries et al. v. AAPP*, 213 DPR 103, 116 (2023). Su concesión no opera de forma automática, toda vez que tiene que presentarse oportunamente un memorando de costas en el que se precisen los gastos incurridos. *Colón Santos v. Coop. Seg. Mult. De PR*, 173 DPR 170, 187 (2008). Además, corresponde al tribunal, en el marco de su discreción, evaluar la razonabilidad de éstos. *Maderas Tratadas v. Sun Alliance et. al.,* supra, pág. 935. Son recobrables aquellos gastos incurridos necesariamente en la tramitación del pleito. *JTP Development Corp. v. Majestic Realty Corp.,* 130 DPR 456, 460 (1992).

El Tribunal Supremo de Puerto Rico ha establecido que los siguientes gastos **son recobrables**: sellos de radicación de las alegaciones, sellos cancelados en las mociones, gastos de emplazamiento, sellos cancelados para efectuar embargos, transcripción de evidencia, deposiciones, entre otros.[7] *Class*

---

[7] J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 1ra ed. rev., Colombia, [s. Ed.], 012, pág. 276.

*Fernández v. Metro Health Care Management System, Inc.*, 2024 TSPR 63, resuelto el 17 de junio de 2024.

Por el contrario, **no son recobrables** como costas los honorarios de abogado, salvo que una ley especial disponga para ello; los gastos ordinarios de oficina (tales como, pero sin limitarse a sellos de correo postal, materiales de oficina, servicios telefónicos y de mensajería sin justificar su necesidad para el caso, y compra de mobiliario); la transportación de los abogados durante una inspección ocular, las transcripciones de récords de vista cuando se soliciten por ser convenientes, pero no necesarias; los servicios paralegales, entre otros. *Andino Nieves v. A.A.A.*, 123 DPR 712, 718-719 (1989).[8] El Tribunal Supremo de Puerto Rico ha reconocido como costas los gastos de fotocopias del escrito de apelación y sus respectivos legajos, siempre y cuando se incurran en el cumplimiento de los requisitos de presentación que impone el Tribunal de Apelaciones. *Sánchez v. Sylvania Lighting*, 167 DPR 247, 254 (2006). No obstante, si el gasto de fotocopias surge como resultado del trámite ordinario de oficina, no es recobrable como costas. *PR Fast Ferries et al. v. AAPP*, supra, págs. 116-117.

De otro lado, aunque el Tribunal Supremo de Puerto Rico ha reconocido que los gastos de un perito están comprendidos dentro del concepto de costas recobrables, se ha advertido que, en el caso particular de los expertos contratados por las partes, el rembolso opera por vía de excepción y se concederán únicamente cuando ello esté plenamente justificado. Lejos de ser automática, la designación de la compensación de un perito como costas está sujeta a los rigores del escrutinio judicial a través del cual se examinará tanto la naturaleza de su preparación, como la utilidad de su intervención. *Maderas Tratadas v. Sun Alliance et. al.*, supra, págs. 935-936.

---

[8] *Pereira v. I.B.E.C.*, 95 DPR 28, 78 (1967); *Garriga, Jr. v. Tribunal Superior*, 88 DPR 245, 248 (1963).

**III.**

En esta ocasión, nos corresponde determinar si debemos expedir el auto de *certiorari* a la luz de los criterios contenidos en la Regla 40 del Reglamento de este Tribunal, *supra*. Tras un análisis ponderado del expediente, declinamos la invitación a intervenir con la discreción ejercida por el foro primario. Veamos.

En el caso de referencia, la parte peticionaria arguye, en síntesis, que el foro primario erró al denegar el relevo de resolución solicitado. Mediante los primeros cinco (5) señalamientos de error hace referencia e impugna lo dispuesto en la *Resolución* del 23 de julio de 2024. Particulariza que el foro *a quo* omitió ponderar las evaluaciones periciales que eran esenciales y no consideró un plan de transición o un régimen de relaciones supervisadas, conforme al mejor interés del menor EIRP. Hace hincapié en que no se opone al ejercicio de custodia materna de la parte recurrida. Es su parecer que el TPI realizó un uso desproporcionado de su discreción judicial al eliminar de manera abrupta toda relación entre el menor EIRP y su abuela. No obstante, nada argumenta sobre el porqué entiende que el TPI erró al denegar su solicitud de relevo de resolución. Solo se limitó a mencionar en su relación de hechos que su representación legal renunció antes de que se dictara la *Resolución* el 23 de julio de 2024 y que ello le afectó su derecho a una defensa adecuada.[9]

En cuanto a las costas, la parte peticionaria alega que el foro de primera instancia abusó de su discreción al declarar *Ha Lugar* el memorando de costas presentado por la parte recurrida, concediendo así todas las partidas reclamadas. Argumenta que el principio de equidad y la naturaleza especial de los pleitos de familia

---

[9] Del expediente surge que la *Moción en Renuncia de Representación Legal* fue instada el 14 de junio de 2024. El TPI la declaró *Ha Lugar* mediante *Orden* del 28 de junio de 2024, notificada el 1 de julio de 2024. En dicho pronunciamiento se le ordenó a la señora Polanco Vázquez informar su nueva representación legal antes del 1 de agosto de 2024.

exige que la imposición de costas no se efectúe de forma automática, sino que se analice con sensibilidad y justicia. Ante ello, requiere que revoquemos la imposición de costas y determinemos que cada parte debe asumir sus propios gastos procesales.

De otro lado, la parte recurrida sostiene que la parte peticionaria no incluyó en su recurso justificación alguna para solicitar el relevo de resolución, a pesar de que tuvo a su disposición los mecanismos ordinarios de revisión; entiéndase, la moción de reconsideración o un recurso apelativo. Añade que la parte peticionaria no presenta razón válida por la cual no acudió oportunamente a tales remedios ni cómo su alegado cambio de representación legal justificaba ahora reabrir el caso. Precisa que esta solo se limitó a mencionar que dicho cambio afectó su defensa. Asimismo, resalta que la parte peticionaria no plantea fraude, error sustancial o descubrimiento de prueba nueva que avale el relevo de la resolución concernida. Por tanto, es su contención que el foro de instancia actuó correctamente al denegar el petitorio de la parte peticionaria.

En relación con el memorando de costas, la parte recurrida esencialmente razona que la parte peticionaria no acreditó de forma válida ninguna objeción fundamentada a las costas y reitera que su imposición procede como cuestión de derecho.

Según expuesto, la Regla 49.2 de Procedimiento Civil, *supra*, dispone que la parte afectada por una sentencia posee un término máximo de seis (6) meses desde que esta es registrada para presentar una moción de relevo. En el caso de autos, resulta evidente que la parte peticionaria incoó la solicitud en cuestión oportunamente. No obstante, somos del parecer esta no acreditó que se cumpliera algunas de las razones que establece la Regla 49.2 de Procedimiento Civil, *supra*.

Como es sabido, este Tribunal no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitaría un perjuicio sustancial. Nada de lo anterior fue demostrado por la parte peticionaria en su escrito. Es preciso puntualizar que la Regla 49.2 de Procedimiento Civil, *supra,* no es "una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada." *Reyes v. E.L.A. et al.*, supra, pág. 809; *Piazza v. Isla del Río, Inc.*, supra, pág. 449. Por ende, no procede la expedición del auto de *certiorari* solicitado.

Sobre las costas aprobadas, el Tribunal de Primera Instancia, dentro del ejercicio de discreción que ostenta, determinó que los gastos incluidos por la parte recurrida en el *Memorando de Costas* eran razonables y necesarios para prevalecer, conforme establecen las reglas y la jurisprudencia interpretativa. Analizadas las partidas solicitadas de forma cautelosa junto a las facturas anejadas, concluimos que estas se sostienen, por lo que no intervendremos con la decisión del TPI. La parte peticionaria no demostró que el TPI hubiese abusado de su discreción al aprobar el *Memorando de Costas.*

**IV.**

Por los fundamentos antes esbozados, denegamos expedir el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones